## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **United States of America,** | Criminal No. 05-CR-276 JMR/SRN |
| **Plaintiff,** | |
| v. | **REPORT AND RECOMMENDATION** |
| **Arturo Murillo Pina (01),** | |
| **Defendant**. | |

___

Elizabeth Peterson and Andrew Winters, Assistant U.S. Attorneys, on behalf of Plaintiff.

Kenneth M. Botema, Esq., on behalf of Defendant Murillo Pina.

___

SUSAN RICHARD NELSON, United States Magistrate Judge

The above entitled matter came before the undersigned United States Magistrate Judge on Defendant Arturo Murillo Pina's Motion to Suppress Evidence (Doc. No. 11). This matter is set to be tried before the Honorable James M. Rosenbaum, United States District Court Judge for the District of Minnesota, on November 9, 2005. This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, this Court recommends that Defendant's motion to suppress evidence (Doc. No. 11) be denied.

### I. PROCEDURAL HISTORY

On August 23, 2005, a two-count indictment was filed charging Defendant with one count of Possession with Intent to Distribute a Controlled Substance in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime

in violation of Title 18 U.S.C. §§ 924(c)(1) and 924(a)(2). At the criminal motions hearing, Defendant was present and represented by counsel. There was no testimony at the hearing but Government Exhibit 1 was received into evidence. (See Exhibit List, Gov. Ex. 1, Application for Search Warrant and Supporting Affidavit, Search Warrant, and Receipt, Inventory and Return). Defendant moves to suppress the evidence obtained as a result of the search warrant on the grounds that officers wrongly searched Defendant's vehicle as the "motor vehicle" category was specifically excluded from the search warrant form.

## II.   FINDINGS OF FACT

On July 14, 2005, Deputy Shawn Gullickson submitted an application and supporting affidavit for a search warrant for the premises of a residence located on Snelling Avenue South ("Snelling Ave. residence or address"). The purpose of the search warrant was to search for controlled substances and related evidence listed in the supporting affidavit. (See Gov. Ex. 1). The supporting affidavit sets forth the facts related to the investigation in this case.

At the time of the search warrant application, Deputy Gullickson had been employed by the Hennepin County Sheriff's Office as a deputy sheriff since 2002. He had been assigned to the Narcotics Unit since 2003, exclusively investigating controlled substance law violations. He had previously been a deputy sheriff with the Milwaukee County Sheriff's Department for three years.

Deputy Gullickson stated in his affidavit that for seven months he had met with a Confidential Reliable Informant ("CRI"). The CRI informed Deputy Gullickson that an individual known as "Mono" was involved in the large-scale distribution of marijuana in and around Minneapolis, Minnesota. The CRI stated that "Mono" lived at a residence on Snelling Avenue, South. The CRI positively identified the Defendant Arturo Murillo Pina as the individual he knew as "Mono" from a Minnesota Department of

Motor Vehicles photograph. Deputy Gullickson stated that this CRI had previously provided information about known and unknown narcotics dealers, including phone numbers, addresses, vehicle descriptions, and current locations. The CRI had made controlled purchases of narcotics in the past. The information provided by the CRI had been independently corroborated and found to be true and correct. The information had also led to the seizure of large amounts of narcotics.

Deputy Gullickson learned from the Minnesota Department of Motor Vehicles that Defendant Pina listed the Snelling Ave. address as his residence. He also listed two vehicles in his name at this address. Deputy Gullickson also learned that there was a robbery at Defendant Pina's Snelling Ave. residence in December 2004.

Within the two months before the search warrant application was submitted, the CRI made a controlled purchase of marijuana from Defendant Pina at his Snelling Ave. residence. During the controlled buy, surveillance on the residence observed Defendant Pina to be present. The CRI was searched for money and contraband prior to and after the controlled buy. The marijuana purchased from Defendant Pina by the CRI tested positively for marijuana.

The affidavit stated that the CRI informed Deputy Gullickson that within the previous 72 hours, the CRI had met with Defendant Pina at his Snelling Ave. residence. The CRI stated that Defendant Pina possessed a large quantity of possible marijuana for the purposes of selling it. The CRI also informed Deputy Gullickson that Defendant had a pit bull at his residence for the purposes of protecting his property. The CRI had also observed multiple weapons at the Snelling Ave. residence. He had specifically seen Defendant Pina in possession of those weapons.

Deputy Gullickson also learned that two additional adult males, Michael Soto and Javier Soto, lived

at the Snelling Ave. residence with Defendant Pina. The CRI's description of Michael Soto matched the description found in a Minneapolis police report completed after an armed robbery attempt at the Snelling Ave. residence during which Michael Soto was present and the suspects fired shots. In February 2005, Michael Soto was arrested for carrying a concealed handgun without a permit in Bloomington, Minnesota.

Deputy Gullickson stated that he knew, through his training and experience, that narcotics dealers will often keep dangerous animals and weapons on their property to protect their operations and the proceeds derived from any sales. Furthermore, pit bulls can be trained to attack police officers at the direction of their handlers. Deputy Gullickson stated that he was also aware that it is common for narcotics dealers to use their residences to store and/or facilitate their narcotics distribution operations. It is also common for dealers to possess documents, drug notes, customer lists, and proceeds derived from the sale of narcotics at their residences.

Based on this information Deputy Gullickson believed that there was probable cause to believe that Defendant Pina used the Snelling Ave. residence to deal narcotics and evidence of such an operation, including proceeds from the operation, would be found at the residence. Deputy Gullickson requested a daytime, unannounced entry, search warrant for the Snelling Ave. residence. The search warrant application included the premises of the Snelling Ave. residence as well as "any and all assigned storage, garage spaces, and/or curtilage." (Id.). The "motor vehicle" and "person" categories were specifically crossed out on the search warrant application form as well as on the resulting search warrant. (Id.).

The search warrant was issued on July 14, 2005, and executed on July 21, 2005. Upon searching the residence, officers found Defendant's wallet which contained a Minnesota I.D. for the Defendant listing

the Snelling Ave. address as his residence. They also found $1,200 in U.S. currency, suspected drug notes, a title document for a 1993 Mazda which was parked in the garage of the Snelling Ave. residence, keys to a padlock for the garage, keys to the 1993 Mazda, and a loaded black Taurus .40 Model PT 140. Officers searched the trunk of the 1993 Mazda and found cocaine, marijuana, a loaded Taurus .45 caliber handgun, an empty gun case for a Tagus Model TP 140, and a digital scale.

### III. DISCUSSION

During the criminal motions hearing, Defendant argued that the evidence should be suppressed because the officers searched the vehicle when the warrant specifically excluded the search of any vehicles. Defendant now argues, according to his memorandum of law in support of his motion, that the search of the vehicle was outside the scope of the warrant because the vehicle could have belonged to a guest. (Defendant's Memorandum of Law in Support of His Motion to Suppress Evidence Obtained as a Result of a Search Warrant, Doc. No. 15). The Government argues, and this Court agrees, that there are no grounds upon which to suppress the evidence seized pursuant to the search warrant, and Defendant's motion to suppress the evidence found (Doc. No. 11) should be denied.

Generally, the Fourth Amendment requires that a search warrant describe with "particular[ity] . . . the place to be searched and the persons or things to be seized." U.S. Constitution, amend IV; see also Fed.R.Crim.41(e)(2) ("The warrant must identify the person or property to be searched, identify any person or property to be seized, and designate the magistrate judge to whom it must be returned."). However, a search warrant that authorizes the search of the "premises," also authorizes the search of a vehicle parked within those premises, notwithstanding that the words "motor vehicle" on the search warrant are specifically crossed out. United States v. Bulgatz, 693 F.2d 728 (8th Cir. 1992). "The fact that affiant

5

had crossed out the words "motor vehicle" on the search warrant application did not preclude search of an automobile on the premises, but only indicated that the general object of the search was the "premises," not the automobile." Id., at 730.

In addition, "Fourth Amendment rights are personal and cannot be asserted vicariously." United States v. Pierson, 219 F.3d 803, 806 (8th Cir. 2000). A defendant has standing to challenge the admission of illegally obtained evidence only if he can establish that his own constitutional rights have been violated by the challenged search and seizure. United States v. Savucci, 448 U.S. 83, 86-87 (1980); see also Rakas v. Ill., 439 U.S. 128, 134 (1978). When considering a motion to suppress evidence found as a result of a challenged search, it is the defendant's burden to show a legitimate expectation of privacy in the area searched. United States v. Gomez, 16 F.3d 254, 256 (8th Cir.1994).

The search warrant in this case included as "the premises," the Snelling Ave. residence, and "any and all assigned storage, garage spaces, and/or curtilage." See Gov. Ex. 1. While the motor vehicle category was excluded from the search warrant form, the Defendant concedes that the search was not invalidated by the fact that the category "motor vehicle" was crossed out on the search warrant form. Rather, Defendant attempts to assert standing on behalf of an imaginary third party by arguing that the police could have determined that the 1993 Mazda was not registered to a resident of the Snelling Ave. S residence, but to a guest. Defendant, however, cannot claim that he had any privacy interest in a third party's vehicle or that his own Fourth Amendment rights were violated by the search.

Given the foregoing, the search warrant for the Snelling Ave. premises did not fail because "motor vehicle" was crossed out on the search warrant form. Nor may the Defendant assert standing on behalf of a third party. The search of the 1993 Mazda was valid pursuant to the search warrant for the Snelling

Ave. premises, and the evidence found as a result of that search is admissible. Defendant's motion to suppress such evidence (Doc. No. 11) should be denied.

## IV.   RECOMMENDATION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. 11) be **DENIED**.

Dated: October 28, 2005    s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **November 4, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by (same date as above), 2005 a complete transcript of the hearing. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.